PER CURIAM.
We affirm the decision of the Unemployment Appeals Commission denying unemployment benefits.
Darin Kratz was dismissed from employment as an assistant golf professional. He enrolled in a training program to become a radiology technician and simultaneously sought unemployment compensation benefits.
An appeals referee denied benefits. He found that Kratz had not been actively looking for work because he had been attending school. In his conclusions of law, the referee wrote that “[t]he law provides that a claimant in training with the approval of the Agency [for Workforce Innovation] is not required to seek, be available for, or accept suitable work for weeks in which training is in progress.” However, the referee observed that “for training to be approved by the Agency,” one of the criteria that Kratz was required to demonstrate was that “the labor market demands for the claimant’s present skills [is] minimal.” The referee concluded “that [Kratz did] not meet the above criteria in that the market demands for the claimant’s present skills as a golf professional are not minimal. Further [Kratz was] not actively seeking employment.”
The Commission affirmed the referee’s decision.
The record supports the referee’s conclusion that the Agency was not required to approve Kratz’s retraining because the labor market’s demand for his skills as a golf professional was not minimal. See Fla. Admin. Code R. 60BB-3.022(1). Therefore, Kratz does not fall under the exception to the general rule that “an unemployed individual is eligible to receive benefits for any week only if the Agency for Workforce Innovation finds that ... she or he is able to work and is available for work.” § 443.091(l)(e)l., Fla. Stat. (2004). Rule 60BB-3.022 was promulgated under the authority of section 443.091(l)(c)2. and is consistent with statutory policy.
Affirmed.
STEVENSON, SHAHOOD and GROSS, JJ., concur.